IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

PAUL L. WICKHAM;
DWAYNE M. GARRETT,

       Plaintiffs,

v.

PAM BONDI;
KASH PATEL;
MARTY MEASON;
THOMAS EDMUNDSON;
YVONNE EDMUNDSON;
MARK WAYNE MULLIN;
JAMES LANGFORD,

       Defendants.

Case No. 25-CV-00361-SEH-CDL

## OPINION AND ORDER

Before the Court is the government's motion to dismiss the complaint.[1]

[ECF No. 4]. Plaintiffs Paul L. Wickham and Dwayne M. Garrett sued

various federal officials[2] and three additional individuals in the Tulsa County

District Court. [ECF No. 2-1]. Plaintiffs alleged:

---

[1] Plaintiffs originally filed a Petition in the Tulsa County District Court [ECF No. 2-1] and the United States removed the action to this Court [ECF No. 2]. For consistency with the Federal Rules of Civil Procedure, the Court refers to the petition as the "complaint."

[2] Plaintiffs sued Senator Lankford and Senator Mullin in state court with their names spelled as reflected in the case caption above. However, the Court notes that the correct spellings of these defendant's names are "Markwayne Mullin" and "James Lankford."

---

Under the Informant Act O.S. Title 51 and under O.S. 21-175 Criminal Accessory (Revised 2024)

---

In violation of Case# CIV-21-119, and in violation of the constitution numerous times.

Date: 6/18/2025

Paul L. Wickham
P.O. Box 717
Owasso, OK 74055

Date: 6/19/2025

Dwayne M. Garrett
P.O. Box 717
Owasso, OK 74055

[ECF No. 2-1 at 1].

The government removed the action to this Court and now moves to dismiss the complaint. [ECF Nos. 2, 4]. The government argues that the complaint is barred by absolute judicial immunity and sovereign immunity and should otherwise be dismissed under Fed. R. Civ. P. 12(b)(6) and 8(a)(2). [ECF No. 4 at 1–2]. The government further avers that the "Plaintiffs have not complied with the filing restrictions previously imposed against them by this Court," and that leave to amend should be denied. [*Id.* at 2–3]. Plaintiffs did not respond to the government's motion, which is now ripe for decision. Because Plaintiffs fail to state a claim upon which relief may be granted, the

Court grants the government's motion and dismisses the complaint without prejudice.

## I. Discussion

A *pro se* plaintiff's complaint must be liberally construed. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, liberal construction of a *pro se* plaintiff's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id*. Notwithstanding a *pro se* plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Id*.

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) (citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court need not accept "mere conclusions characterizing pleaded facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990); *see also Twombly*, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do") (citation modified). Nor will the Court "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1175 (10th Cir. 1997).

Here, Plaintiffs' complaint is devoid of any factual allegations that would support a claim upon which relief may be granted. Therefore, the government's Motion to Dismiss [ECF No. 4] is GRANTED and the complaint [ECF No. 2-1] is DISMISSED without prejudice under Fed. R. Civ. P. 12(b)(6).[3] Dismissal is without leave to amend because Plaintiffs failed to respond to the government's motion and did not request leave to amend. A

---

[3] Because the Court dismisses the complaint on this independent basis, it need not address the other arguments the government raises.

separate judgment will enter.

DATED this 30th day of June, 2026.

_____
Sara E. Hill
UNITED STATES DISTRICT JUDGE